Wood, C. J.
The question presented is, whether the Supreme Court erred, on the trial of the case at bar, in rejecting the fieri facias when offered by the plaintiff in evidence to the jury. If so, a new trial must, of course, be granted. The question is of the highest importance, for the reason that the practice, in many counties in the State, has prevailed to test both mesne and final process in the name of the deputy, and not of the clerk. The evils arising from a mistake in the test of mesne process, it is true, would not, ordinarily, be great, because, upon its return, a motion to quash would lie, or an appearance and plea to the action, without objection to the process, though void, would cure the defect. But iffinal process is void, it follows that the sheriff, and all who aid and assist him in the sale of personal property under it, are trespassers, and, as such, liable to an action. This is not all. Titles to real property acquired under a void execution are of no validity, and subsequent bona fide purchasers are affected by the want of authority in the sheriff to make the sale, until the statute of limitations steps in and quiets the title. To avoid these consequences, a construction must be given to the statute directly in opposition to its letter; but, if its spirit be. retained, we keep within the line of duty assigned to the: Court, and produce a most desirable result.
Writs, both mesne and final, until the first of April, 1837, were tested in the name of the President Judge, if issued from the Court of Common Pleas. After that date, the statute requires they “ shall bear test and be signed by the clerk of the Court issuing the same.” The reasons for this change in the law are obvious: Circuits were composed of several counties, and the clerks had not the means at hand of knowing when the official term of a President Judge expired, and it not unfrequently happened that process bore test in the name of a Judge who was functus officio, qr whose commission had not *568 taken effect. To get rid of these dificulties, this statute was passed; Swan’s Stat. 690, sec. 1. If this was the only provision, there would be no escape from the conclusion, that all process so tested was absolutely void. But the act of February 17, 1831, enacts: “ That the clerks of the Supreme Court c and Court of Common Pleas may each appoint a deputy, to ‘ be approved and sworn,” &c., and “ when so qualified, the ‘ deputy may do and perform any and all of the duties apper{taining to the office of his principal.” Swan’s Stat. 284.
This act was passed, it is true, several years before the' one which makes the change in the test of process, and though the latter act makes no mention of deputy clerk, we cannot think it was the intention, in the language used, to restrain the deputy in the performance of any such simple duty. He might, before the act of 1837, test all process in the name of the President Judge, and no reason is now perceived why he may not, in the name of his principal, or even in his own name. He is the clerk, in fact, for what the clerk does by him, he does by himself.'
A new trial must be granted, with costs, to abide the event of the suit.